# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ARLETTE MOLINA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-17-3659 |
| | § | |
| RMS RESIDENTIAL PROPERTIES LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

In December 2017, Molina sued Specialized Loan Servicing LLC; RMS Residential Properties, LLC; David Sklar; C. Edward Harrel; and Hughes, Watters & Askanase LLP. Molina alleges that the defendants misrepresented facts to her during settlement negotiations in a previous case. Specialized Loan Servicing moved for summary judgment, arguing that it was not involved in the previous case or the settlement agreement, and that Molina submitted no evidence supporting her allegations. Molina's response deadline is December 12, 2018. Molina has moved under Federal Rule of Civil Procedure 56(d) for additional discovery before responding to the motion for summary judgment or cross-moving for summary judgment. Molina moves to compel Specialized Loan to produce "the Ragan settlement agreement documents" before she has to respond or cross-move. (Docket Entry No. 15 at 1–2). She has also filed two motions for summary judgment against Specialized Loan, which set forth conclusory allegations and offer no evidence.

The court denies Molina's motion for more time to respond to Specialized Loan's summary judgment motion and to cross-move for summary judgment. Specialized Loan has submitted the documents that Molina seeks, the discovery and dispositive motion deadlines have passed, and Molina has filed motions for summary judgment. The court orders Molina to respond to Specialized

Loan's motion and to supplement her summary judgment motions no later than **December 21, 2018**. The reasons are explained below.

I. **Background**

In May 2004, Molina obtained a home mortgage loan for $286,800 from Encore Credit Corporation. (Docket Entry No. 1-1 at 29). She signed a Promissory Note to repay the mortgage through monthly payments of $2,102.44. (*Id.* at 24). Encore acquired an interest in her home under a Deed of Trust. (*Id.* at 28–34). Years later, in March 2010, Encore assigned the Promissory Note and Deed of Trust to RMS Properties. (Docket Entry No. 14-4).

In May 2009, RMS Residential sent Molina a Notice of Default and Intent to Accelerate because Molina had not made payments since July 2008. (Notice of Filing Pleadings Part 23, Exhibit 11, *Molina v. RMS Residential Properties LLC*, No. 15-3221 (Bankr. S.D. Tex. Sept. 3, 2015)). The notices stated that she had 33 days to make the payments she owed. *Id.* In January 2010, RMS Residential accelerated the mortgage and began foreclosure proceedings because Molina failed to make any payments. (Notice of Filing Pleadings Part 23, Exhibit 10, *Molina*, No. 15-3221).

In May 2010, Molina sued RMS Residential in the 295th Judicial District Court of Harris County, alleging that RMS Residential had sent an unlawful Notice of Default, had an invalid lien on her property, had reported false credit information, and had misrepresented that it owned the Promissory Note. (Notice of Filing Pleadings Part 1, Exhibit 1, *Molina*, No. 15-3221). RMS Properties made no appearance, and Molina moved for summary judgment. *See RMS Residential Props., LLC v. Molina*, No. 14-11-232-cv, 2011 WL 5314526, at *1 (Tex. App.—Houston [14th Dist.] Nov. 3, 2011, no pet.). In August 2010, the state district court entered summary judgment for Molina, invalidating RMS Residential's lien and removing the Promissory Note and Deed of Trust

"as clouds on" her title. (Notice of Filing Pleadings Part 2, Exhibit 14, *Molina*, No. 15-3221, at 2).

In October 2010, Molina conveyed the home to Panda Properties Holding Corporation, a real-estate company owned by her daughter, Amanda Murphy. The transfer was recorded in Harris County. In November 2010, Molina recorded the summary judgment decision in the Harris County records. In December, Panda Properties sold Molina's home to James and Gloria Ragan for $335,200. (Notice of Filing Pleadings Part 23, Exhibit 13, *Molina*, No. 15-3221). The sale was recorded in Harris County.

In February 2011, RMS Residential appealed the state district court's summary judgment decision. (Notice of Filing Pleadings Part 2, Exhibit 15, *Molina*, No. 15-3221). The Texas Court of Appeals reversed the summary judgment decision, ruling that RMS Properties had not been adequately served, and remanded the case for further proceedings. *See RMS Residential Props.*, 2011 WL 5314526, at *2. RMS Residential answered, counterclaimed, and sought judicial foreclosure. (Notice of Filing Pleadings Part 3, Exhibits 33–34, *Molina*, No. 15-3221). RMS Residential asserted claims of fraudulent conveyance, civil theft, and unjust enrichment against Molina, alleging that she was in default, made material misrepresentations in obtaining the mortgage, and failed to pay the mortgage with the money from her home's sale. (Notice of Filing Pleadings Part 36, Exhibit 10, *Molina*, No. 15-3221).

James and Gloria Ragan, the couple who purchased Molina's home, intervened and asserted a quiet-title claim against RMS Residential, alleging that they purchased the home without notice of the RMS Residential lien or the pending appeal. (Notice of Filing Pleadings Part 18, Exhibit 11, *Molina*, No. 15-3221). The Ragans cross-claimed against Murphy and Panda Properties, asserting claims for breach of warranty, fraudulent inducement, conspiracy, negligent misrepresentation, and

3

unjust enrichment, based on allegations that neither Murphy nor Panda Properties had informed them of the lien or the appeal. (Notice of Filing Pleadings Part 34, Exhibit 1, *Molina*, No. 15-3221).

RMS Residential amended the pleadings to assert cross-claims of fraudulent conveyance, conspiracy, and unjust enrichment against Murphy and Panda Properties. (Notice of Filing Pleadings Part 19, Exhibit 2, *Molina*, No. 15-3221). RMS Residential alleged that Murphy and Panda Properties interfered with its lien and failed to pay the mortgage with the sale money. *Id.* Against the Ragans, RMS Residential asserted a counter-claim of fraudulent conveyance. (Notice of Filing Pleadings Part 19, Exhibit 17, *Molina*, No. 15-3221).

In September 2015, Molina filed a suggestion of bankruptcy and removed the case to bankruptcy court, alleging that she had sought bankruptcy in Florida. That same month, RMS Residential settled the state-court claims against the Ragans for $135,000. The settlement agreement stated that RMS Residential and the Ragans would dismiss their claims against each other, with prejudice. (Docket Entry No. 14-6 at 2). As to any judgments obtained against Molina, Panda Properties, or Murphy, the settlement agreement stated:

> To resolve potential disputes respecting collection of such judgments, the Parties agree that RMS shall be entitled to receive the first $480,322.88 collected (being the home equity loan balance, not including RMS's attorney fees). The $480,322.88 shall be calculated net of collection costs and expenses (exclusive of any attorney fees incurred in collection). After $480,322.88 is collected, the Parties will share the net collections as follows: 75% to RMS and 25% to the Ragans. If collections reach an amount sufficient to discharge either Party's judgments in full, the other party shall receive all future collections.

(*Id.*).

A few months later, in December 2015, RMS Residential, Molina, Murphy, and Panda Properties settled their dispute. RMS Residential released its claims and lien for $150,000 and a promise of an additional $100,000 over 10 years. (Docket Entry No. 1-1 at 49–50). The parties

informed the bankruptcy court of the settlement, and the case was dismissed in February 2016. (Order Dismissing Adversary Case, *Molina*, No. 15-3221). Throughout the litigation, James H. Miller represented Molina and Panda Properties; Abhijit Modak represented Murphy; Edward Harrell of Hughes Watters & Askanase represented RMS Residential; and Christopher Conry and Jude T. Barreneche represented the Ragans. David Sklar was RMS Residential's managing director.

In July 2017, Molina sued RMS Residential, Specialized Loan Servicing, David Sklar, Edward Harrell, and Hughes Watters & Askanase in the 295th Judicial District Court of Harris County. (Docket Entry No. 1-1 at 6). Molina alleged that RMS Residential released its lien on her home in its settlement with the Ragans, kept that settlement secret, and misrepresented to her that it still possessed the lien during their settlement negotiations. (*Id.* at 9–13). She alleged that the Ragans said nothing about the settlement and that, in December 2015, David Sklar had told her that RMS Residential had not reached a settlement with the Ragans. (*Id.* at 12). In the settlement agreement, Molina alleged, the Ragans agreed to help RMS Residential in the litigation for a portion of the recovery. (*Id.* at 12). Against each defendant, Molina asserted claims of fraud, fraudulent inducement, extrinsic fraud, civil theft, conversion, conspiracy to commit fraud, breach of fiduciary duty, negligent misrepresentation, unjust enrichment, and breach of contract. (*Id.* at 13–20). Molina attached to her state-court petition the Promissory Note, Deed of Trust, her settlement with RMS Residential, Murphy's and Panda Properties's settlement with RMS Residential, and RMS Residential's release of the Deed of Trust. (*Id.* at 23–74). She did not serve RMS Residential, David Sklar, Edward Harrell, or Hughes Watters & Askanase, and none appeared.

Specialized Loan removed the case to federal court. (Docket Entry No. 1). It denied each allegation and raised a number of affirmative defenses. (Docket Entry No. 1-1 at 75–76). In

5

November 2018, Specialized Loan moved for summary judgment, arguing that it was not a party to the previous litigation or the settlements; that neither David Sklar, Edward Harrell, nor Hughes Watters & Askanase had represented it; and that RMS did not release its lien in the Ragan settlement. (Docket Entry No. 14 at 11, 14–15). As to the civil theft and conversion claims, Specialized Loan contended that it had not wrongfully taken or withheld money from Molina and that she had not requested an accounting. (*Id.* at 15–16). Specialized Loan argued that, under Texas law, no fiduciary relationship exists between a mortgage servicer and a borrower. (*Id.* at 19–20). Specialized Loan submitted documents supporting its arguments, including the settlement agreement between RMS Residential and the Ragans. (Docket Entry Nos. 14-1–14-17).

## II.     Analysis

"Rule 56(d) motions for additional discovery are 'broadly favored and should be liberally granted' because the rule is designed to 'safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.'" *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir 2010)); *see Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 920 (5th Cir. 1992) ("[W]hen a party is seeking discovery that is germane to the pending summary judgment motion it is inequitable to pull out the rug from under them by denying such discovery."). If the moving party identifies "a specific piece of evidence that would likely create a material fact issue," the court must grant the motion. *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 423 (5th Cir. 2016) (citing *Biles*, 714 F.3d at 895).

The party "requesting Rule 56(d) relief 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts.'" *Biles*, 714 F.3d at 894 (quoting

6

*Raby*, 600 F.3d at 561). It "must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.* (quoting *Raby*, 600 F.3d at 561). "[A] plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).

Molina argues that Specialized Loan refused to produce "the Ragan settlement agreement documents." (Docket Entry No. 15 at 1–2). Specialized Loan submitted the Ragan settlement agreement as part of the record in November 2018. (Docket Entry No. 14-6). The settlement agreement shows that RMS Residential and the Ragans released their legal claims against one another. It says nothing about RMS releasing its lien on Molina's home. Molina has neither identified other "settlement agreement documents" nor explained how any such documents provide facts that she needs to withstand Specialized Loan's motion for summary judgment. Molina mentions that she has heart and pancreas issues, but she does not elaborate on how those issues affect this case's deadlines, and she is clearly capable of pursuing litigation.

Because Molina has relied on "vague assertions" that discovery will reveal "needed, but unspecified, facts" from unidentified documents, her motion for further discovery and additional time to respond to the motion for summary judgment is denied. *Biles*, 714 F.3d at 894 (quotation omitted). The court denies Molina's request to compel Specialized Loan to produce "the Ragan settlement agreement documents," because the record contains the Ragan settlement agreement and Molina has not identified any other relevant documents.

**III. Order**

Molina must respond to the summary judgment motion and file any cross-motions no later than **December 21, 2018.** Specialized Loan may reply and respond no later than **January 11, 2019**.

SIGNED on December 6, 2018, at Houston, Texas.

                                                Lee H. Rosenthal
                                        Chief United States District Judge